**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**SANDRA JONES, Personal Representative of
the Estate of Antonio L. Jones, Deceased**                        **PLAINTIFF**

**VS.**                        **NO.  4:21-cv-444-BRW**

**FAULKER COUNTY, ARKANSAS;
DR. GARRY STEWART, M.D., Individually,
KAREN GRANT, Individually,
and LEANNE DIXON, Individually**                        **DEFENDANTS**

## ANSWER

Come now the Defendants, Faulkner County, Arkansas, Dr. Garry Stewart, M.D., Karen Grant, and Leanne Dixon (referred to collectively herein as the Defendants), and for their Answer to the Plaintiff's Complaint, do state the following:

1. The Defendants affirmatively plead that the Constitution and laws of Arkansas, the Constitution and laws of the United States, and the allegations in the Plaintiff's Complaint speak for themselves (the Defendants deny the allegations in the Plaintiff's Complaint, as set forth herein), but deny, as pleaded, the remainder of the allegations in paragraphs 1, 2, 3, and 4 of Plaintiff's Complaint.

2. The Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraphs 5 and 6 of the Plaintiff's Complaint and, therefore, deny the same.

3. The Defendants affirmatively plead that the Constitution and laws of Arkansas, the Constitution and laws of the United States, any written contract between Dr. Garry Stewart and Faulkner County, Arkansas, and the allegations in the Plaintiff's Complaint speak for themselves (the Defendants deny the allegations in the Plaintiff's Complaint, as set forth herein); that Faulkner County, Arkansas is a political subdivision of the State of Arkansas; that Tim Ryals, Karen Grant, and Leanne Dixon are and/or were (at the time of the incarceration of the Plaintiff's decedent at the Faulkner County jail) employees and/or officials of Faulkner County, Arkansas, and that Dr. Garry Stewart was/is a contract physician for the County (including the time of the incarceration of the

Plaintiff's decedent at the Faulkner County jail) but deny, as pleaded, the remainder of the allegations, and any contrary allegations, in paragraphs 7, 8, 9, 10, 11, 12, and 13 of the Plaintiff's Complaint.

4.     The Defendants affirmatively plead that affirmatively plead that the Constitution and laws of Arkansas and of the United States, the official jail records for Faulkner County jail, the written contract between Faulkner County and Dr. Garry Stewart, the written medical and suicide watch protocols and all other written policies and procedures in effect in 2019 at the Faulkner County jail, and decedent Antonio Jones's official medical and autopsy records speak for themselves (the Defendants are without sufficient knowledge or information to admit or deny the substance/content of these records, at least as far as they were drafted by persons other than the Defendants, and therefore, deny the same, but reserve the right to amend this response until discovery can be completed) regarding events that occurred prior to the decedent's receipt at the Faulkner County jail on August 8, 2019 and, therefore, deny the same , that the Plaintiff's decedent, Antonio Jones, was received for incarceration at the Faulkner County jail on August 8, 2019, on a warrant for failure to pay child support of more than $10,000 (the Defendants are without sufficient knowledge or information to admit or deny the allegations regarding events that occurred prior to the decedent's receipt at the Faulkner County jail on August 8, 2019 and, therefore, deny the same), that Tim Ryals was (and remains) the Sheriff of Faulkner County, that Dr. Garry Stewart had a contract with Faulkner County but was never contacted about and never saw or interacted with decedent Antonio Jones, that Karen Grant and Leann Dixon briefly encountered and provided certain care for decedent Antonio Jones during his incarceration, and that Antonio Jones died on August 8, 2019, but deny, as pleaded, the remainder of the allegations, and any contrary allegations, in paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, and 85 (i.e., paragraphs 14-85, including all sub-paragraphs thereto) of the Plaintiff's Complaint.

5. The Defendants deny, as pleaded, all claims for relief by the Plaintiff and deny the allegations in the unnumbered "Wherefore clause of the Plaintiff's Complaint.

6. The Defendants specifically and expressly deny each and every allegation of Plaintiff's Complaint not specifically and expressly admitted herein.

7. The Defendants assert and reserve the right to file an Amended Answer or other responsive pleading(s) and/or to assert additional affirmative and other defenses after they have had a chance to investigate the claims and allegations in Plaintiff's Complaint.

8. The Defendants respectfully demand a trial by a jury of twelve (12) persons on all genuine issues of material fact and join in the Plaintiff's demand for the same, as set forth in paragraph 167 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

9. The Defendants assert the following affirmative defenses:

   A. Punitive damages immunity, *see City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 69 L.Ed.2d 616, 101 S.Ct. 2748 (1981);

   B. Qualified immunity is affirmatively pleaded by all Defendants under state and federal law;

   C. Tort immunity and statutory tort immunity, which bar medical negligence, wrongful death, and all other tort claims, *see* Ark. Code Ann. §21-9-301;

   D. As applicable, the Defendants have no applicable liability insurance, *see* Ark. Code Ann. §21-9-301;

   E. Sovereign immunity;

   F. Statutory vicarious liability/respondeat superior immunity, *see* Ark. Code Ann. §21-9-301;

   G. The Defendants are not proper parties to a tort action in any event, *see* Ark. Code Ann. § 23-79-210;

   H. Justification;

I. Mootness, as applicable;

J. Waiver/Estoppel/Laches;

K. Common Defense Doctrine;

L. No standing, as applicable,

M. Comparative fault and contributory negligence;

N. No proof of causation by any acts or omission of the Defendants;

O. Assumption of Risk;

P. Unclean Hands;

Q. The Defendants avail themselves of all applicable defenses under Rule 8© and 12 of the Arkansas Rules of Civil Procedure;

R. The Plaintiff has failed to state a claim upon which relief can be granted;

S. The Defendants avail themselves of all statute of limitations defenses applicable to this claim, including, but not limited to Ark. Code Ann. 16-56-101, *et seq.*;

T. The Defendants reserve and preserve the right to assert any available counterclaims and/or third-party claims under Ark. R. Civ. Proc. 13 & 14;

U. While denying that the Defendants are guilty of, and/or liable for, any negligence which caused or contributed to cause injuries to the plaintiff, the Defendants pray for an apportionment of fault among joint tortfeasors who are found to be negligent pursuant to the Uniform Contribution Among Joint Tortfeasors Act, as enacted in the State of Arkansas. A.C.A. § 16-61-201 et seq.;

V. While denying the Defendants are responsible for any damages, Defendants state that plaintiff suffered from conditions which predated any events alleged in the Complaint for which this defendant is not responsible;

W. The Defendants affirmatively plead that, while denying that the Defendant

|     | |
| --- | --- |
|     | are/were guilty of, and/or liable for, any fault which caused or contributed to cause the damages in question, the Defendants state that any fault, cause, or injury to plaintiff was the fault of the plaintiff, which is pled in bar and diminution of any recoveries sought under the principles of comparative fault in Arkansas law; |
| X.  | While denying that this defendant was guilty of any negligence or fault in this matter, this defendant states that if the jury were to determine that there was fault and/or negligence on the part of this defendant, that following such, an intervening proximate cause occurred which caused injuries to the plaintiff herein over which this defendant had no control, which is pled in defense herein; |
| Y.  | The Defendants affirmatively plead all relevant and/or governing case, constitutional, and/or statutory law; |
| Z.  | The Defendants affirmatively plead and assert that any claim for punitive damages is pre-empted by the federal statutory and regulatory scheme; |
| AA. | The Defendant affirmatively plead that Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Arkansas law by a jury does not provide constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; |
| BB. | The Defendants affirmatively plead that Plaintiff's claim for punitive damages against the Defendants is barred, in whole or in part, because an award of punitive damages under Arkansas law would violate the this defendant's due process rights and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, & 8 of the Arkansas Constitution; |

CC. The Defendants affirmatively plead that plaintiff's claim for punitive damages cannot be sustained because Arkansas law regarding the standards for determining liability for and the amount of punitive damages fail to gives the Defendant prior notice of the conduct for which punitive damages may be imposed, and the severity of the penalty that may be imposed, and are void for vagueness in violation of these this defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution;

DD. The Defendants affirmatively plead that Plaintiff's claim for punitive damages cannot be sustained because Arkansas law fails to establish necessary constitutional procedures to protect against the risk of a jury awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part directly on the basis of injury upon non-parties in violation of this defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution. *See Philip Morris USA v. Williams,* 549 U.S. 346 (February 20, 2007);

EE. The Defendants affirmatively assert that Plaintiff's claims for punitive damages against this defendant cannot be sustained, because an award of punitive damages under Arkansas law, subject to no predetermined limit, such as a maximum multiple of compensatory damages, or a maximum amount on the amount of punitive damages that may be imposed, would violate this defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution;

FF. The Defendants affirmatively plead that Plaintiff's claims for punitive

        damages against this defendant cannot be sustained, because an award of punitive damages under Arkansas law which allows plaintiff to prejudicially emphasize the public entity and/or corporate or professional status of the Defendants violates the Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas;

GG.    The defendant affirmatively asserts that plaintiff's claim for punitive damages against this defendant cannot be sustained because any award of punitive damages made under a process which fails to bifurcate the issue of punitive damages from the remaining issues would violate this defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas.

HH.    The Defendants affirmatively assert that Plaintiff's claim for punitive damages cannot be sustained by a jury that (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award for punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth and corporate status of this defendant, (4) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part directly on the basis of injury upon non-

        parties, (5) is not provided constitutionally adequate procedures to protect against the risk of an award of punitive damages that seeks to punish a defendant for having caused injury to others, (6) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (7) is not properly instructed regarding plaintiff's burden of proof with respect to each and every element of a claim for punitive damages, and (7) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards.  This would violate this defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and Article II, Sections 2, 3 and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas;

II.    The Defendants affirmatively assert that plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages made under a process which fails to protect against the risk of a jury awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, to punish this defendant for having caused injury to non-parties would violate the this defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas.  *See Philip Morris USA v. Williams,* 549 U.S. 346 (February 20, 2007);

JJ.    Plaintiff's claim for punitive damages cannot be sustained, because an award

    of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against this defendant for punitive damages, would constitute impermissible multiple punishments in violation of this defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and Article II, Sections 2, 3 and 8 of the Arkansas Constitution;

KK. The Defendants pleads all affirmative defenses allowed by law pursuant to Rule 12 of the Federal Rules of Civil Procedure, including, but not limited to, insufficient process; insufficient service of process; and failure to state a claim upon which relief can be granted; and

LL. Defendant Stewart was not notified of Mr. Jones's arrival at Faulkner County Detention Center and never formed a physician patient relationship with him to support a claim for medical injury under Arkansas law.

WHEREFORE, the Defendants respectfully request that Plaintiff's Complaint be dismissed. and for any and all other just and proper relief to which they are entitled.

Respectfully submitted,

Faulkner County, Arkansas, Dr. Garry Stewart, M.D., Karen Grant, and Leanne Dixon, *Defendants*

\_\_/s/ Jason Owens_____
Jason E. Owens
Ark. Bar. No. 2003003
JASON OWENS LAW FIRM, P.A.
**Mailing Address:** P.O. Box 850
Conway, Arkansas 72033-0850
**Physical Address:** 1023 Main St, Ste 204
Conway, Arkansas 72032
Telephone (501) 764-4334
Telefax (501) 764-9173
email: owens@jowenslawfirm.com