IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SANDRA JONES, Personal Representative of
the Estate of Antonio L. Jones, Deceased                    PLAINTIFF

VS.                    NO. 4:21-cv-444-BRW

FAULKER COUNTY, ARKANSAS;
DR. GARRY STEWART, M.D., Individually,
KAREN GRANT, Individually,
and LEANNE DIXON, Individually                               DEFENDANTS

## BRIEF IN SUPPORT OF MOTION TO DISMISS

The Plaintiff filed her original Complaint in this case on May 21, 2021 and the original Defendants filed their Answer to that Complaint on June 14, 2021. Doc. ## 1 & 6. Neither Karen Munyan nor the late Monte Munyan were named as Defendants in the original Complaint. Almost five months later, on November 4 and 5, 2021, respectively, the Plaintiff filed two documents titled "Amended Complaint" and "Second Amended Complaint," naming Karen Munyan as a Defendant for the first time, purported "Special Administrator of the Estate of Monte Munyan, Deceased, Individually." Doc. ## 12 & 14. Because those filings are a legal nullity, they should be stricken from the record and case dismissed as against Defendant Munyan.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings before trial, as follows:

> Rule 15. Amended and Supplemental Pleadings
>
> (a) Amendments Before Trial.
>
>     (1)     Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
>         (A)     21 days after serving it, or
>
>         (B)     if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
>     (2)     Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the

>       court's leave. The court should freely give leave when justice so requires.
>
> (3)   Time to Respond. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Fed. R. Civ. Proc. 15(a).

The Plaintiff has filed two amended complaint in this case (Doc. ## 12 & 14) without seeking or obtaining the Defendants' consent and/or the Court's leave. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12 (f). Though the Court enjoys broad discretion under Rule 12(f), "striking a party's pleadings is an extreme measure." *Stanbury L. Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). Motions to strike should be denied unless 1) the challenged filing has "no possible relation or logical connection to the subject matter of the controversy," *North Face Apparel Corp. v. Williams Pharm., Inc.*, No. 4:09-CV-2029-RWS, 2010 U.S. Dist. LEXIS 11154, 2010 WL 546928, at 1 (E.D. Mo. Feb. 9, 2010), and 2) the moving party will be prejudiced, *Am. Home Assur. Co. v. Pope*, No. 02-4057-CV-C-SOW, 2005 U.S. Dist. LEXIS 49579, 2005 WL 1312975, at 1 (W.D. Mo. June 1, 2005).

Because the Plaintiff filed her "Amended Complaint" and "Second Amended Complaint" out of time and without seeking or obtaining leave of Court or Defendant's written consent[1], the Amended Complaint is "a nullity." *See Quintana v. Adair*, 673 F. App'x 815, 820 (10th Cir. 2016). Further, if the Court were to leave two inoperative complaints on the record, confusion to the Court and the parties will result as this litigation progresses.

In the end, the Plaintiff's Amended and Second Amended Complaints are a legal nullity and should be stricken from the record under Rule 12(f) of the Federal Rules of Civil Procedure. Since

---

[1] Defendant Munyan would have substantive arguments to make in opposition to the Plaintiff's amended and second amended complaints and should, at the very least, have the opportunity to be heard on those arguments.

purported Defendant Munyan was not named as a Defendant except in those two filings, the case against her should be dismissed.

                Respectfully submitted,

                Purported Defendant Karen Munyan, sued as purported "Special Administrator of the Estate of Monte Munyan, Deceased, Individually,"
*Purported Defendant*

By:     Jason Owens
       Jason E. Owens
       Ark. Bar. No. 2003003
       JASON OWENS LAW FIRM, P.A.
       **Mailing Address:** P.O. Box 850
       Conway, Arkansas 72033-0850
       **Physical Address:** 1023 Main St, Ste 204
       Conway, Arkansas 72032
       Telephone (501) 764-4334
       Telefax (501) 764-9173
       email: owens@jowenslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of November, 2021, I presented the foregoing to the Clerk of the Court for filing and uploading to the Arkansas Circuit Courts' Electronic Filing System, which provides electronic notice of filing to the following:

Mr. Morris Thompson
PO Box 662
Little Rock, AR 72203

                Jason E. Owens
                Jason E. Owens