IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SANDRA JONES, Personal Representative of**
**the Estate of Antonio L. Jones, Deceased**     **PLAINTIFF**

**VS.**     **NO. 4:21-cv-444-BRW**

**FAULKER COUNTY, ARKANSAS;**
**DR. GARRY STEWART, M.D., Individually,**
**KAREN GRANT, Individually,**
**and LEANNE DIXON, Individually**     **DEFENDANTS**

### RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Come now the Defendants, Faulkner County, Arkansas, Dr. Garry Stewart, M.D., Karen Grant, and Leanne Dixon (referred to collectively herein as the Defendants), and for their Answer to the Plaintiff's Complaint, do state the following:

### I. INTRODUCTION

The Plaintiff filed her original Complaint in this case on May 21, 2021 and the original Defendants filed their Answer to that Complaint on June 14, 2021. Doc. ## 1 & 6. The Plaintiff now seeks leave to amend to add additional parties, to make new factual allegations, and to add additional claims. Doc. # 21.

### II. ARGUMENT

When a party seeks to amend the complaint, "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The court may deny leave to amend "if there are compelling reasons such as ... futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (internal citations omitted).

Plaintiff Jones's motion to amend should be denied in this case because the proposed amended complaint is futile. An amendment is futile when it could not survive a motion to dismiss under Rule 12(b)(6). *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). To survive a motion to dismiss, and therefore avoid futility of the amended complaint, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. *See* Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted). For the following reasons, essentially (1) because her state law medical malpractice claim(s) against Monte Munyan is time-barred and (2) because her constitutional claim(s) alleges non-actionable vicarious liability and fails to allege sufficient personal involvement by the new Defendants, her claims are futile as a matter of law and her motion to amend should, therefore, be denied.

**A.**     **New Malpractice Claim(s) Time-Barred**

The Plaintiff seeks to leave to amend, in part, to press medical malpractice claims against three of the Defendants. Her Amended Complaint seeks to make a malpractice claim, for the first time, against a Defendant she seeks to add for the first time, Monte Munyan (through an estate she created for the purpose), a former nurse at the Faulkner County jail. In addition to the fact that Munyan is immune from such a claim under Ark. Code Ann. §21-9-301, such a claim is alos clearly time-barred. Ark. Code Ann. §16-114-203 (2 year statute). According to the proposed Amended Complaint, the Plaintiff's decedent in this case died on or about August 8, 2019, almost 2 ½ years ago. Doc. # 21-1. The Plaintiff did not name any John Does" in her original Complaint and her attempt to add a malpractice claim doesn't pass muster under Arkansas' "relation back" rule (Ark. R. Civ P. 15(c)), either. That rule provides as follows (with emphases added):

> **(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when:
> (1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (2) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (1) is satisfied and, ***within the period provided by Rule 4(i) for service of the summons and complaint [90 days]***, the party to be brought in by amendment (A) *has received* such *notice* of the institution of the action that

the party will not be prejudiced in maintaining a defense on the merits, and (B) *knew or should have known* that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

In his motion, Plaintiff presents *no proof* showing that Monte Munyan received *any* notice of the institution of this lawsuit (to the contrary, he is dead). Likewise, the Plaintiff offers *no proof* to show that Karen Munyan, Mr. Munyan's widow, or that she even knew that this lawsuit had been filed.[1] Under the rule, such notice and knowledge must received by the real party *within 90 days of the filing of the Complaint* in order to comply with the "relation back" rule. Since Plaintiff's requested substitution does not comply with the relation back rule (at least with respect to the proposed malpractice claim against Munyan), it is futile and should not be permitted under applicable law.

**B.**    **No Personal Involvement Alleged - Vicarious Liability Not Actionable**

In her proposed Amended Complaint, and particulalry in paragarphs 59-93, the Plaintiff recites her factual allegations in this case. (Doc. # 21-1). Essentially, the Plaintiff alleges that, after the Plaintiff's decedent was arrested an incarcerated overnight at the Pope County jail, he was briefly incarcerated in the Faulkner County jail for several hours prior to his death[2] and that, while there, the Defendants engaged in various forms of actionable misconduct that purportedly casued her decedent's death. *Id.* Critically, though, the Plaintiff does not allege any facts of personal involvement by the new Defendants she seeks to add by amendment, Ryals, Riedmueller, and Munyan. To the contrary, Ryals is not even mentioned in the Plaintiff's factual allegations in paragraphs 59-93. Riedmueller is mentioned only once in that span, in paragraph 92, where the Plaintiff alleges that the County Attorney "authorized Riedmueller to release

---

[1] To the extent that Plaintiff asks the Court to impute knowledge to Munyan's widow through the undersigned counsel, it must be noted that the undersigned counsel has not been retained to represent Ms. Munyan in this case (rather, he was retained of the sole purpose of seeking to have the previous, and improperly filed, Amended Complaints, dismissed and/or stricken, which representation has concluded). The undersigned counsel will not represent Ms. Munyan if his knowledge/notice of this case would be imputed to her (as that would be inconsistent with her interests, rendering counsel ethically bound to refuse the representation).

[2] The Plaintiff's allegations do not include the fact that her decedent swallowed, but did not report swallowing, a bag of methamphetamine, which directly caused his death after it burst.

Antonio Jones to the hospital." Munyan is mentioned more, but there are no allegations of personal involvement by Munyan, presumably because the Plaintiff knows that he was entirely uninvolved. In a cagey turn of phrase in paragraph 125 of the proposed Amended Complaint, the Plaintiff alleges that "Munyan was present," but doesn't allege where he was present. That is because Munyan was, at that time, the jail nurse in Unit 1, a separate building across town from Unit II, where the decedent was housed. That is why nurse Grant "took the call," as alleged in paragraph 88 of the proposed Amended Complaint, instead of Munyan.

In the end, the Plaintiff has failed to allege sufficient personal involvement by Ryals, Riedmueller and/or Munyan to sustain a claim under 42 U.S.C. §1983. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiffs] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [their] constitutional rights." *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007) (citation and internal quotation marks omitted). A county official or employee may be held liable in his or her individual capacity only in a few well-delineated fact situations. Essentially there must be some personal involvement before any defendant may be held liable under § 1983. *See, e.g., Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983).

Instead of making factual allegations of personal involvement by any of the Defendants she now seeks to add, the Plaintiff relies on conclusory legal allegations, primarily of vicarious liability. Of course, it is the Plaintiff's burden, at the pleadings stage, to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiffs' pleading burden is achieved by pleading "***factual*** content that allows the court to draw the reasonable inference that the defendant is liable." Iqbal, 556 U.S. at 678; § 206(d)(1). Plaintiff's pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 554. Plaintiffs are obligated to set forth "either direct or inferential allegations respecting all the material elements" of their legal theory. *Id.* at 562 (citation and quotation marks omitted). Further, there is no vicarious liability

under Section 1983. *Ashcroft*, 556 U.S. at 676. Instead, for a government actor to be individually liable under Section 1983, they must have had personal involvement or direct responsibility for actions resulting in a constitutional violation. *See Benton v. Kelley*, 784 F. App'x 472, 473 (8th Cir. 2019). Such allegations are likewise barred under Arkansas law. *See* Ark. Code Ann. § 21-9-301(b). As such, the Plaintiff's constitutional claim(s) against the new Defendants is futile as a matter of law.

### III.  CONCLUSION

For the foregoing reasons, the Plaintiff's proposed amendments to her original Complaint are futile as a matter of law and her motion to amend should, therefore, be denied.

    Respectfully submitted,

    Faulkner County, Arkansas, Dr. Garry Stewart, M.D., Karen Grant, and Leanne Dixon,
    *Defendants*

By:       Jason Owens
    Jason E. Owens
    Ark. Bar. No. 2003003
    JASON OWENS LAW FIRM, P.A.
    **Mailing Address:** P.O. Box 850
    Conway, Arkansas 72033-0850
    **Physical Address:** 1023 Main St, Ste 204
    Conway, Arkansas 72032
    Telephone (501) 764-4334
    Telefax (501) 764-9173
    email: owens@jowenslawfirm.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of December, 2021, I presented the foregoing to the Clerk of the Court for filing and uploading to the Arkansas Circuit Courts' Electronic Filing System, which provides

electronic notice of filing to all counsel of record.

                                                                                                                             *Jason E. Owens*
                                                                                                                             Jason E. Owens