IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SANDRA JONES, Personal Representative of     PLAINTIFF
the Estate of ANTONIO L. JONES, Deceased

VS.           Case No: 4:21-cv-444-BRW

FAULKNER COUNTY, ARKANSAS         DFENDANTS
Dr. GARRY STEWART, M.D., Individually,
KAREN GRANT, Individually,
and LEANNE DIXON, Individually

## PLAINTIFF'S MOTION TO QUASH

Separate Defendant, Dr. Garry Stewart, MD, served a Notice of Deposition which, in some respects, violates Rule 26(a)(2)(B)(ii) and should be quashed. Plaintiff requests that the Court grant her Motion and quash the Defendant's Notice.

In 2010 Federal Rule of Civil Procedure 26 was amended in part to address concerns regarding expert discovery. Prior to the amendment, confusion regarding the scope of the rule led many parties to read it as requiring a party proffering an expert witness to disclosure all communications between counsel and expert witnesses as well as all draft reports. The committee notes on the 2010 amendment clarified that the 1993 amendments did not intend to require disclosure of all collaborative interactions with the expert and disclose all data or other information provided by the plaintiff's attorney.

The 2010 amendment protected disclosure of attorney-expert communications and draft reports or reports which were not relied upon by the witness in reaching his or her conclusion. In fact, the change was explicit by providing work-product protection against discovery of these

1

matters.

In the Notice of deposition, attached hereto as Exhibit A, items 2, 3, 4, and 6 are too broad and in some instances are explicitly protected from disclosure by the rule. The notes to the 2010 amendment made clear that the amendment provides that disclosure applied only to facts or data considered by the witness in forming the opinion to be offered, rather than all the data or other information *and not disclosure of all attorney-expert communications and draft reports*. The amendments to Rule 26(b)(4) make this change explicit by providing work-product protection against discovery regarding draft reports and disclosures or attorney-expert communications."

The only 8th Circuit case the Plaintiff was able to find addressing the issue is *Smith-Bunge v. Wisconsin Central, LTD*, 946 F.3d 420 (8th Cir. 2019). In that case, the plaintiff, Smith-Bunge, sought draft drawings of an accident scene, draft reports, along with all communications between Wisconsin Central's counsel and its expert. As a way around the protections of Rule 26(b)(4)(B), and (C) Smith-Bunge, contended the expert was not an expert, but an ordinary witness thus the rule did not apply. The court found otherwise and stated: "Smith-Bunge acknowledges that an expert's materials are protected under Federal Rule of Civil Procedure 26(b)(4). See Fed. R. Civ. P. 26(b)(4)(B), and (C) (protecting "drafts of any report or disclosure required" of an expert as well as "communications between the party's attorney and any [expert] witness"). The court thus found that the requested information was protected from disclosure by the rule.

In the present case, Dr. Stewart has designated the following items for disclosure which are protected by the rule: 2) all documents in Plaintiff's expert's possession supplied by plaintiff or plaintiff's counsel; 3) all documents in his possession upon which he relied or used to render

any opinions in this case, including, but not limited to, medical records, medical treatises, medical literature, vocational reports and studies, articles or reports, correspondence, reports, outlines, summaries or notes; 4) all documents generated by him with respect to the opinions to be expressed in this case, including, but not limited to, correspondence, reports, outlines, summaries or notes; and 6) any and all correspondence by and between him and plaintiff's counsel or plaintiff. Exhibit A attached hereto.

The notes state in unmistakable terms:

"Rule 26(b)(4)(B) is added to provide **work-product protection under Rule 26(b)(3)(A) and (B) for drafts of expert reports or disclosures**. This protection applies to all witnesses identified under Rule 26(a)(2)(A), whether they are required to provide reports under Rule 26(a)(2)(B) or are the subject of disclosure under Rule 26(a)(2)(C). It applies regardless of the form in which the draft is recorded, whether written, electronic, or otherwise. It also applies to drafts of any supplementation under Rule 26(e); see Rule 26(a)(2)(E). [emphasis added]

Rule 26(b)(4)(C) is added to provide **work-product protection for attorney-expert communications regardless of the form of the communications, whether oral, written, electronic, or otherwise. The addition of Rule 26(b)(4)(C) is designed to protect counsel's work product and ensure that lawyers may interact with retained experts without fear of exposing those communications to searching discovery. The protection is limited to communications between an expert witness required to provide a report under Rule 26(a)(2)(B) and the attorney for the party on whose behalf the witness will be testifying, including any "preliminary" expert opinions. Protected "communications" include those between the party's attorney and assistants of the expert witness. The rule does not itself protect communications between counsel and other expert witnesses, such as those for whom disclosure is required under Rule 26(a)(2)(C). The rule does not exclude protection under other doctrines, such as privilege or independent development of the work-product doctrine.** [emphasis added]

For the foregoing reasons Plaintiff respectfully pray that this court quash separate defendant Dr. Garry Stewart's Notice of Deposition with respect to items 2, 3, 4 and 6; and for all other relief to which she may be entitled.

3

Respectfully submitted for Sandra Jones, Special Administrator of the Estate of Antonio Jones, deceased, plaintiff herein

*Morris W. Thompson*

Morris W. Thompson Law Firm, P.A.
P. O. Box 662
Little Rock, AR  72203
(501) 661-8100
(501) 663-3544
E-mail:  mwthompsonlaw@sbcglobal.net
ABN:80145

## CERTIFICATE OF SERVICE

I, the undersigned attorney for the Plaintiff, hereby, certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notification of the filing to all counsel of record.

Jason E. Owens
JASON OWENS LAW FIRM, P.A.
P.O. Box 850
Conway, Arkansas 72033-0850
tele: (501) 764-4334
fax (501) 764-9173
email: owens@jowenslawfirm.com

Dustin R. Darst
RMP LLP
710 Windover Road, Suite B
Jonesboro, AR 72401
tele: (870) 394-5200
fax: (870) 520-6250
email: ddarst@amp.law

Paul D. McNeill
RMP LLP
710 Windover Road, Suite B
Jonesboro, AR 72401
tele: (870)394-5200
fax: (870) 520-6250

email: pmcneill@rmp.law

_____
Morris W. Thompson

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SANDRA JONES, Personal Representative of
the Estate of ANTONIO L. JONES, Deceased                                   PLAINTIFFS

VS.                         Case No. 4:21-CV-444-BRW

FAULKNER COUNTY, ARKANSAS
Dr. GARRY STEWART, M.D., Individually,
KAREN GRANT, Individually,
and LEANNE DIXON, Individually                                             DEFENDANTS

## NOTICE OF DEPOSITION OF MICHAEL BLANCHARD, M.D.

PLEASE TAKE NOTICE that, pursuant to Rule 30(b) of the Arkansas Rules of Civil Procedure, the undersigned attorneys will take the deposition of:

**Deponent**
Michael Blanchard, M.D.

**Date and Time**
Monday, October 10, 2022
1:00 pm

**Location**
RMP LLP
710 Windover Road, Suite B
Jonesboro, AR 72401

The deponent is hereby notified to bring with him the following documents:

1. all medical records in his possession regarding Antonio Jones;

2. all documents in his possession supplied by plaintiff or plaintiff's counsel;

3. all documents in his possession upon which he relied or used to render any opinions in this case, including, but not limited to, medical records, medical treatises, medical literature, vocational reports and studies, articles or reports, correspondence, reports, outlines, summaries or notes;

3512227.WPD


EXHIBIT A

4. all documents generated by him with respect to the opinions to be expressed in this case, including, but not limited to, correspondence, reports, outlines, summaries or notes;

5. all technical literature, reports, articles or treatises which have been utilized in any manner by him in this matter;

6. any and all correspondence by and between him and plaintiff's counsel or plaintiff;

7. any and all documents, correspondence or other materials from any other expert witness (consultant or trial expert) identified by plaintiff which have been reviewed by him;

8. a current copy of his curriculum vitae;

9. a list of publications or articles authored by him;

10. a list of all cases in which he has either consulted as an expert witness or provided expert testimony, including the style of the case and name of the individual or attorney by whom he was employed;

11. a list of all cases in which he has been named as a defendant;

12. all invoices submitted by him to plaintiff or plaintiff's counsel regarding this matter;

13. a current fee schedule; and,

14. any advertising and/or promotional materials for his professional services, including medical/legal services.

The deponent shall appear before a certified court reporter at the time and place stated above for the purpose of giving his testimony.

DATED this 7th day of October, 2022.

Paul D. McNeill (79206)
Dustin R. Darst (2008141)
REECE MOORE McNEILL PENDERGRAFT
710 Windover Road, Suite B
Jonesboro, AR 72401
telephone:   (870)394-5200
facsimile:   (870)520-6250
email:       pmcneill@rmp.law
email:       ddarst@rmp.law

By: /s/ Paul McNeill
*Attorneys for Separate Defendant,*
*Garry Stewart, M.D.*

## CERTIFICATE OF SERVICE

In accordance with the Arkansas Rules of Civil Procedure, I hereby certify that, on the 7th day of October, 2022, a true and accurate copy of the above and foregoing document was provided, as indicated below, to the following attorney of record:

_____ Regular Mail     __X__ **Electronic Mail**     _____ Facsimile
\_\_\_\_\_ the Court's CM/ECF filing system

| | |
|---|---|
| Mr. Morris Thompson<br>THOMPSON LAW FIRM, P.A.<br>Post Office Box 662<br>Little Rock, AR 72203-0662<br>facsimile: (501) 663-3544<br><br>*Attorneys for Plaintiffs* | mwthompsonlaw@sbcglobal.net |
| Mr. Jason E. Owens<br>Mr. Michael A. Mosley<br>JASON OWENS LAW FIRM, P.A.<br>Post Office Box 850<br>Conway, AR 72033-0850<br>facsimile: (501) 746-9173<br><br>*Attorneys for Separate Defendants, Faulkner County, Arkansas, Dr. Garry Stewart, M.D., Karen Grant, and Leanne Dixon* | owens@jowenslawfirm.com<br>mosley@jowenslawfirm.com |

_____
Paul McNeill