IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SANDRA JONES, Personal Representative of**                    **PLAINTIFF**
**the Estate of ANTONIO L. JONES, Deceased**

**VS.**                        **Case No: 4:21-cv-444-BRW**

**FAULKNER COUNTY, ARKANSAS**                                  **DFENDANTS**
**Dr. GARRY STEWART, M.D., Individually,**
**KAREN GRANT, Individually,**
**and LEANNE DIXON, Individually**

### PLAINTIFF'S MOTION TO STRIKE FRIVOLOUS DEFENSES

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Plaintiff requests the Court strike the entirety of paragraph 9 of the Defendants' Answer, (Doc. 6). The paragraph lists, without support, 15 affirmative defenses. The defendants' affirmative defenses are insufficient and without support, and in many instances redundant. The defendants' affirmative defenses in many instances have no applicability to the facts as pled in the complaint (Doc.1). This is a tell-tale sign that their pleading is but boilerplate and not specifically responsive to the averments of Plaintiff's complaint.

FRCP 12(f) Motion to Strike provides: The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

1

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Affirmative defenses should be stricken when they are clearly insufficient on the face of the pleadings, and where no questions of law or fact exist in support and the defense could not succeed under any set of circumstances. See *United State v. Dyncorp Int'l LLC*, 282 F. Supp.3d 51 (D.D.C 2017), and *Crumpton v. Octapharma Plasma, Inc.*, 513 F.Supp.3d 1006 (N.D. Ill. 2021. After review, this Honorable court will be convinced that under no set of circumstances could the defense succeed.

*Falley v. Friends Univ.*, 787 F. Supp.2d 1255 (D. Kan. 2011), discussed whether the pleading standards set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) applied to affirmative defenses. The court did an extensive review of current cases addressing the issue and found that the majority view was that the pleading standards of *Twombly* and *Igbal* do apply.

The court explained:

> In deciding a motion to strike, the court bears in mind the purpose of pleading an affirmative defense: to provide the plaintiff with fair notice. See *Siuda v. Robertson Transformer Co.*, No. 90–2245–L, 1992 WL 79311, at *3 (D.Kan. Mar. 16, 1992) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.1979)) ("The key to pleading an affirmative defense is to give the plaintiff fair notice of the defense."). The court "should decline to strike material from a

pleading unless that material has no possible relation to the controversy and may prejudice the opposing party." Wilhelm, 2008 WL 474265, at *2 (citations omitted).

Id at 1257.

In paragraph 9, the defendants pled, among other things:

E. Sovereign immunity;

G. The Defendants are not proper parties to a tort action in any event, see Ark. Code Ann. § 23-79-210;

H. Justification;

I. Mootness, as applicable;

J. Waiver/Estoppel/Laches;

L. No standing, as applicable,

N. No proof of causation by any acts or omission of the Defendants;

P. Unclean Hands;

Q. The Defendants avail themselves of all applicable defenses under Rule 8(c)and 12 of the Arkansas Rules of Civil Procedure;

R. The Plaintiff has failed to state a claim upon which relief can be granted;

S. The Defendants avail themselves of all statute of limitations defenses applicable to this claim, including, but not limited to Ark. Code Ann. 16-56-101, et seq.;

Y. The Defendants affirmatively plead all relevant and/or governing case, constitutional, and/or statutory law;

HH. The Defendants affirmatively assert that Plaintiff's claim for punitive damages cannot be sustained by a jury that (1) is not provided

constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award for punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth and corporate status of this defendant, (4) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part directly on the basis of injury upon nonparties, (5) is not provided constitutionally adequate procedures to protect against the risk of an award of punitive damages that seeks to punish a defendant for having caused injury to others, (6) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (7) is not properly instructed regarding plaintiff's burden of proof with respect to each and every element of a claim for punitive damages, and (7) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards. This would violate this defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and Article II, Sections 2, 3 and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas;

II. The Defendants affirmatively assert that plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages made under a process which fails to protect against the risk of a jury awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, to punish this defendant for having caused injury to nonparties would violate the this defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas. See *Philip Morris USA v. Williams*, 549 U.S. 346 (February 20, 2007);

JJ. Plaintiff's claim for punitive damages cannot be sustained, because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against this defendant for

punitive damages, would constitute impermissible multiple punishments in violation of this defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and Article II, Sections 2, 3 and 8 of the Arkansas Constitution;

KK. The Defendants pleads all affirmative defenses allowed by law pursuant to Rule 12 of the Federal Rules of Civil Procedure, including, but not limited to, insufficient process; insufficient service of process; and failure to state a claim upon which relief can be granted.

These boilerplate objections violate the rule that the grounds for objecting be stated with specificity … including the reasons." *Smash Tech, LLC v. Smash Sols*., LLC, 335 FRD. 438 (D. Utah 2020).

The pleading requirement of affirmative defenses is intended to give the opposing party both notice of the affirmative defense and an opportunity to rebut it. FRCP 8(c) provides, in pertinent part: "An affirmative defense should be pled with the same specificity as the averments of the complaint." To that end, the plaintiff sought the basis for these defenses.

Interrogatory 1 of exhibit A hereto is the defendants' answer to plaintiff's to discover defendants' factual and/or legal basis for the affirmative defenses. Defendants failed and refused to provide the basis. Plaintiff attempted again. Exhibit B is an excerpt of plaintiff's second attempt which was to no avail. Defendants again failed and refused.

Rule 12(f) of the Federal Rules of Civil Procedure provides, "The court may strike from a pleading an insufficient defense … either on its own or on a motion

made by a party." *Oliverires v. Nationwide Ins. Co. of Am.* (April 3, 2019, E.D. Mo. 2019). A motion to strike should be granted where the defense is insufficient as a matter of law and does not fairly present a question of law or fact which the court ought to hear. *Lunsford v United States*, 570 F.d2 221 (8th Cir. 1977). Moreover, the motion should be granted where as a matter of law, the defense cannot succeed under any circumstance.

        Respectfully submitted for Sandra Jones,
Special Administrator of the Estate of Antonio
Jones, deceased, plaintiff herein

*/s/ Morris W. Thompson*

Morris W. Thompson Law Firm, P.A.
P. O. Box 662
Little Rock, AR 72203
(501) 661-8100
(501) 663-3544
E-mail: mwthompsonlaw@sbcglobal.net
ABN:80145

## CERTIFICATE OF SERVICE

    I, the undersigned attorney for the Plaintiff, hereby, certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notification of the filing to all counsel of record.

Jason E. Owens                                                          Dustin R. Darst

JASON OWENS LAW FIRM, P.A.
P.O. Box 850
Conway, Arkansas 72033-0850
tele: (501) 764-4334
fax (501) 764-9173
email: owens@jowenslawfirm.com

RMP LLP
710 Windover Road, Suite B
Jonesboro, AR 72401
tele: (870) 394-5200
fax: (870) 520-6250
email: ddarst@amp.law

Paul D. McNeill
RMP LLP
710 Windover Road, Suite B
Jonesboro, AR 72401
tele: (870)394-5200
fax: (870) 520-6250
email: pmcneill@rmp.law

*/s/ Morris W. Thompson*
Morris W. Thompson