# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**SANDRA JONES, Personal Representative of**
**the Estate of Antonio L. Jones, Deceased**                                      **PLAINTIFF**

**VS.**                                    **NO.  4:21-cv-444-BRW**

**FAULKER COUNTY, ARKANSAS;**
**DR. GARRY STEWART, M.D., Individually,**
**KAREN GRANT, Individually,**
**and LEANNE DIXON, Individually**                                      **DEFENDANTS**

### 28 U.S.C.A. § 1746 AFFIDAVIT

STATE OF ARKANSAS              )
                               )     ss:
COUNTY OF FAULKNER             )

Comes now Leanne Dixon, and states, upon oath and on personal knowledge (except where indicated), the following:

1. I work as a medical assistant in the Faulkner County jail (I hold valid Arkansas credentials as a Certified Nursing Assistant (CNA)). In that position, I handle billing for medical visits, medical filing, and assisting in other (mostly administrative) ways in the medical department at the nurses' direction.  I worked in the same position for Faulkner County in the County jail in 2019, with the same credentials.

2. On August 8, 2019, at around 3:15 p.m., I was taking some paperwork from the jail medical clinic to the booking area of the jail as a normal part of my duties when I noticed a detainee, who was identified to me as Antonio Jones, sitting on the bench.  To my knowledge, I had never met or encountered Mr. Jones before that moment.

3. When I noticed Mr. Jones sitting on the bench (he was sitting up and was not hunched

**Exhibit 3**

over), I asked Officer Thomas Samanich what was going on and he told me that was not sure, but was about to take the detainee's vital signs. I did not think that detainees Jones's condition was required immediate transport to the emergency or similar emergency care at that point.

4. While Officer Samanich was taking detainee Jones's vital signs, I called Nurse Grant from my cell phone (at 3:19 p.m.) and told her that the detainee was shaking (I observed this in his arms) and sweating and that his eyes were really red. I also told her that Office Samanich was taking his vital signs. Nurse Grant told me to make sure that his blood sugar was taken and to call her back when we had vitals.

5. After initially speaking with Nurse Grant about detainee Jones, I assisted Officer Samanich with obtaining vital signs. Officer Samanich and I asked Mr. Jones - who was fully coherent and responding to our questions appropriately at that time - whether he had done or ingested any drugs and he told us no, that he had not; I believed him. Because detainee Jones was shaking and because we use an automatic cuff that tolerates very little movement, we could not get a blood pressure reading at that time. We did get a blood glucose reading, which was 84.

6. I then called Nurse Grant back (at 3:23 p.m.) and conveyed Jones's blood sugar reading. I also told her that we had been unable to get a blood pressure reading. At that time, Nurse Grant told me to begin a medical watch on detainee Jones, with vital signs to be taken hourly and relayed to her every hour. I conveyed Nurse Grant's instructions to Officer Samanich and he began the medical watch. I left the area at that time and went back to the medical clinic, where I repeated, in person, what I had told Nurse Grant on the phone. I left the facility only a short time later when my shift ended. I received no further information about Mr. Jones or his situation until much later, when I was informed that he had passed away. I was shocked when I heard the news.

7.	Other than insurance related to the operation of my vehicle and/or homeowner's insurance (neither of which are applicable to this case), I have no insurance coverage for negligence or negligent conduct of any kind.  Further, while Faulkner County is (and has been, for many years) a member of the Association of Arkansas Counties Risk Management Fund, that membership provides no coverage for negligence or negligent conduct of any kind.

### 28 U.S.C.A. § 1746 Affidavit Oath

I declare under penalty of perjury, upon oath and on personal knowledge (except where indicated), under the laws of the United States of America, that the foregoing is true and correct.

_____
Leanne Dixon

10/26/2022
_____
Date