**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**SANDRA JONES, Personal Representative of
the Estate of Antonio L. Jones, Deceased**                                     **PLAINTIFF**

**VS.**                                     **NO.  4:21-cv-444-BRW**

**FAULKER COUNTY, ARKANSAS et al.**                                     **DEFENDANTS**

**<u>BRIEF IN SUPPORT OF MOTION IN LIMINE</u>**

Come Now, Defendants, Faulkner County, Arkansas, Dr. Garry Stewart, M.D., individually, Karen Grant, individually, and Leanne Dixon, individually, and for their Brief in Support of Motion in Limine herein state and allege:

**I.     INTRODUCTION**

Plaintiff, brought suit as personal representative of the Estate of Antonio L. Jones, who is deceased, against Defendants, claiming alleged violations of the United States Constitution by and through 42 U.S.C. § 1983. In the Amended Complaint (Doc. No. 12), Plaintiff claims that the Decedent was subject to unreasonable seizures and unlawful terms and conditions of confinement, and claims Plaintiff's Decedent's rights under the Fourth Amendment to the U.S. Constitution were violated. Additionally, Plaintiff attempted to state a cause of action under the Arkansas Civil Rights Act ("ACRA"), for alleged violations of the Arkansas Constitution and causes of action for "ordinary negligence, medical and nursing malpractice, and wrongful death." Doc. No. 12, p. 2. Indeed, in addition to purported constitutional claims, Plaintiff alleges that the medical defendants were employed by Faulkner County to provide medical services to inmates and engaged in "medical malpractice" and "medical negligence" (Doc. No. 12, pp. 27-36).

1

The Defendants are, as alleged by the Plaintiff, the Faulkner County Sheriff, the Faulkner County Jail Administrator, Dr. Stewart who Plaintiff alleges was "employed by the County to perform medical intervention for the inmates and detainees at the FCDC," Nurse Karen Grant, who Plaintiff likewise alleges was a Licensed Practical Nurse employed by Faulkner County, the Estate of Monte Munyan, deceased, who Plaintiff also alleges was a LPN employed by Faulkner County, and Leanne Dixon, who Plaintiff alleges is a medical assistant employed by Faulkner County. Finally, Plaintiff sued Faulkner County itself. *See* Doc. No. 12.

Plaintiff alleges the Plaintiffs-Decedent, Mr. Jones, was arrested on a failure-to-appear charge in Pope County, Arkansas, on or about August 7, 2019, regarding a child support hearing in Faulkner County that Mr. Jones failed to appear for. Doc. No. 12, ¶ 59. Plaintiff alleges Mr. Jones was held overnight in Pope County's jail, then transported to Faulkner County (from where the warrant originated) in Conway, Arkansas, to the Faulkner County Detention Center ("FCDC"). *Id*. at ¶ 60. Plaintiff alleges Mr. Jones arrived at the FCDC at approximately 9:46 a.m., and detention officers at the FCDC began booking Mr. Jones into the jail at around 10:09 a.m. *Id*. at ¶ 61.

The remaining facts contain Plaintiff's characterization of events that transpired at FCDC thereafter, which are not completely accurate and are often embellished by Counsel. What is clear, is that Mr. Jones' booking was delayed and he was placed in a cell; that afternoon, the booking process continued; Mr. Jones presented with sweating and shaking, but was verbal; while it was not possible to do a complete vital check of Jones due to his shaking, Leanne Dixon notified Nurse Grant, and Grant advised two things: (1) that Mr. Jones' blood sugar reading be obtained (which occurred), and which was in normal limits; (2) Nurse Grant advised that Mr. Jones be placed on a

medical watch for four hours, which also occurred. Plaintiff's chief complaint here is that Nurse Grant did not, at that immediate time, go see Jones personally or order that he be brought to the Jail's Infirmary. Furthermore, and within approximately an hour of the resumption of the booking process, Plaintiff alleges Jones' vital signs *were* obtained and were in normal limits. Doc. No. 12, ¶ 81. Plaintiff alleges that Jones condition worsened, and that Nurse Grant did eventually attend to Jones in the booking area; that Jones was then released to the hospital and that, after an ambulance arrived, Jones died. What Plaintiff fails to allege and which is indisputably true, is that Mr. Jones had ingested a bag of methamphetamine and, despite being questioned about whether he had ingested drugs, advised jail staff he had not. The Decedent's decision to ingest a bag of methamphetamine led to Jones' death.

## II.   DISCUSSION

### A.   Expert Witnesses Untimely Disclosed

This Court's Scheduling Order, following a continuance, placed the deadline for Plaintiff to disclose case-in-chief experts as September 12, 2022. Doc. No. 34, *Amended Final Scheduling Order*. One of Plaintiff's purported experts (Andy Terry) was disclosed after that deadline and one (H. Simmons) was never disclosed. Terry's report was disclosed by Plaintiffs' Counsel on September 19, 2022. The tardiness of the expert disclosures by Plaintiff is prejudicial to the Defendants and a material error. Because these purported expert reports were served by Plaintiff's Counsel past the deadline to submit such reports set by the Court, the purported experts and their reports should be excluded from consideration of any dispositive motion in this case and, if indicated, an eventual trial.

B.      **Plaintiff's medical experts**

1.      **Background law regarding federal claims**

To prevail on a claim of deliberate indifference to a serious medical need under the Fourteenth Amendment, a plaintiff must show (A) an objectively serious medical need; (B) the defendants' subjective knowledge and deliberate indifference to that need; and (C) causation between that indifference and the plaintiff's injury. *See Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Plaintiff must show that Jones suffered from an objectively serious medical need and that prison officials actually knew of but *deliberately* disregarded such need. *Jolly v. Knudson*, 205 F.3d 1094, 1096 (8th Cir. 2000). Negligence (even gross negligence) is insufficient to satisfy the subjective component of the test. *Popalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008). Even evidence that a medical actor was "professionally deficient," is insufficient to demonstrate deliberate indifference. *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). To show deliberate indifference—the subjective part of the test—Plaintiff must prove culpability akin to criminal recklessness. *Johnson v. Leonard*, 929 F.3d 569, 576 (8th Cir. 2019).

The Plaintiff's burden requires she clear a "substantial evidentiary threshold" to show deliberate indifference to Jones' alleged serious medical needs. *Id*. at 576. Furthermore, the objective component of the deliberate indifference test requires that an inmate who claims that delay in medical treatment rose to the level of a constitutional violation place verifying medical evidence in the record to establish the detrimental effect of the alleged delay in medical treatment. *Reece v. Groose*, 60 F.3d 487, 491 (8th Cir. 1995). Additionally, Plaintiff must show each Defendant intentionally denied or delayed Jones' access to medical care. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). "The Constitution does not require jailers to handle every medical

complaint as quickly as each inmate might wish." *Jenkins v. Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009). Of course, Plaintiff must also show that any alleged deliberate indifference caused the alleged constitutional violation.

Most importantly, is the case of *Fourte v. Faulkner County, Ark.*, 746 F.3d 384 (8th Cir. 2014). There, a case also involving Dr. Stewart in this case, the Eighth Circuit said: "[a]t best, Fourte's experts show that Dr. Stewart and Nurse Lumpkin should have known they were committing malpractice—but medical malpractice is not deliberate indifference." *Id.* at 389. Crucial to this motion, the Court there cited *Dulaney*, 132 F.3d at 1242, for the proposition that "showing that another physician might have ordered different tests and treatment does not show deliberate indifference." *Id.* The Court in *Fourte* also quoted *Noll v. Petrovsky*, 828 F.2d 461, 462 (8th Cir. 1987), where the Court said: "Noll has only shown … that another physician in the same circumstance might have ordered different tests and treatment. This evidence raises questions of medical judgment; ***it does not show deliberate indifference***." *Fourte*, 746 F.3d at 389 (quoting *Noll*, 828 F.2d at 462) (emphasis added).

## 2.     Background law regarding state claims

Furthermore, Defendants are entitled to statutory tort immunity as to all of Plaintiff's state law claims. Ark. Code Ann. § 21-9-301; *Sledge v. City of Pine Bluff by and Through Washington*, No. CV-20-547, 2022 Ark. App. 23 (Jan. 19, 2022 Ark. Ct. App.) (finding municipality entitled to statutory immunity as to claim of gross negligence and reckless indifference in wrongful death action); *Cherry v. Tanda, Inc.*, 327 Ark. 600, 614-15, 940 S.W.2d 457, 463 (1997) (affirming immunity for city against wrongful death claim); *Cousins v. Dennis*, 298 Ark. 310, 312, 767 S.W.2d 296, 297 (1989) (finding Ark. Code Ann. § 21-9-301 immunity extends to employees of

municipality). Defendants, as proven in their motion for summary judgment and the attached exhibits which is being filed contemporaneously herewith, do not have liability insurance that would cover any claim in this lawsuit. Those materials (motion and exhibits) are incorporated herein by reference as if repeated word for word pursuant to Fed. R. Civ. P. 10(c). Thus, Defendants are immune from state law claims including but not limited to wrongful death, negligence, and medical malpractice.

### 3.    Relevant Rules of Evidence

First, only relevant evidence is admissible, either in a motion (via Fed. R. Civ. P. 56) or at trial. Fed. R. Evid. 401. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; *and* (b) the fact is of consequence in determining the action. *Id*. Federal Rule of Evidence 402 is clear: "[i]rrelevant evidence is not admissible." Additionally, this Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, ***confusing the issues***, ***misleading the jury***, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added). Furthermore, a witness's purported expert opinion about something that lacks a reasonable factual basis or is speculative, is properly excluded. *Weisgram v. Marley Co.*, 169 F.3d 514, 520 (8th Cir. 1999).

Moreover, a court should not permit an expert to testify about something that is within the "province of the jury on a question which the jury was entirely capable of answering without the benefit of expert opinion." *American Auto. Ins. Co. v. Omega Flex, Inc.*, 783 F.3d 720, 724-25 (8th Cir. 2015) (internal citations omitted). Even if an expert opinion may in some circumstances embrace an ultimate issue in a case, it is still subject to exclusion if it fails to satisfy the

"helpfulness" criterion of Rule 702. *Lee v. Anderson*, 616 F.3d 803, 808-09 (8th Cir. 2010). Finally, the proponent of an expert must show that the purported expert is qualified by knowledge, skill, experience, training, or education which helps the trier of fact, will provide testimony that is based on sufficient facts or data, will provide testimony that is the product of reliable principles and methods, and the expert demonstrates that he or she has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702.

The burden to admit expert testimony "…is on the proponent of an expert's testimony to establish by a preponderance of the evidence that the requirements for admission of that testimony have been satisfied." *CitiMortgage, Inc. v. Mason Dixon Funding, Inc.*, Case No. 4:09cv1997TCM, 2012 WL 13055580, at 12 (E.D. Mo. Oct. 30, 2012) (citing *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2011)). There, the Court noted that "[e]xpert opinions as his that are 'merely opinions meant to substitute the judgment of the district court' are properly excluded." *Id*. at 14 (quoting *In re Acceptance Ins. Cos. Secs. Litig.*, 423 F.3d 899, 905 (8th Cir. 2005)). Moreover, and important to this motion, the Court there noted that expert testimony that is not relevant should be excluded. *Id*. at 13 (internal citations omitted). That is, expert testimony must be relevant and helpful to the trier of fact. *Lee*, 616 F.3d at 809; *see also* Fed. R. Evid. 702(a) (noting that one of the conjunctive criteria for admission of expert testimony is that "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."). Crucially, in *Ashley v. McKinney*, the Eastern District of Missouri refused to appoint an expert and said:

> Plaintiff's claims of cruel and unusual punishment in violation of the Eighth Amendment ***are not complex***; ***they present straightforward deliberate indifference claims arising out of Plaintiff's treatment for a toothache by Defendant Skaggs….***"

7

Case No. 4:19-cv-003090-MTS, 2021 WL 1198066, at 5 (E.D. Mo. March 29, 2021) (slip copy) (emphasis added). Noting the objective and subjective components of a deliberate indifference claim there, the Court said: "[t]here is sufficient factual information in the record for the Court to make its own determination of the [objective] first requirement, *and an expert would not aid the Court [as trier of fact] in resolving the second*." *Id*. (emphasis added).

> **3.    The Proposed Expert Testimony here would not aid the trier of fact in the determination of deliberate indifference and the Defendants are immune from Plaintiff's state-law claims; thus, Plaintiff's proposed experts should be excluded**.

> ### i.    *Dr. S.M. Blanchard*

Dr. Blanchard opines that "[t]he standard of care required Nurse Grant to investigate the eye witness reports made by other jail personnel." *Exhibit A*, attached hereto, p. 1. Further, the proposed expert states that Nurse Grant allegedly "failed to respond in a timely manner," and that her "response is an indication of indifference to his distress." *Id*. at p. 2. He further claims that Nurse Grant violated the standard of care, which is patently a medical malpractice phrase. Nevertheless, Dr. Blanchard claims Nurse Grant violated the standard of care by failing to timely respond to reports of other jail personnel, which is not within his province, but is within the province of the jury or Court in this case. Blanchard also claims Dr. Stewart allegedly violated the Arkansas Nurse Practice Act. Blanchard additionally claims Dr. Stewart also violated the standard of care, despite the fact Stewart had no physician-patient relationship with Plaintiff's Decedent at any time.

The proposed testimony gleaned from Dr. Blanchard's report would not assist the trier of fact in this case. First, it is wholly irrelevant: the standard of care is not relevant to whether the

persons who came in contact with Decedent Jones were deliberately indifferent. Indeed, it is precisely the type of evidence the Eighth Circuit found did not show deliberate indifference in *Fourte*. That is, Dr. Blanchard's disagreement with Dr. Stewart or Nurse Grant is not relevant to demonstrate deliberate indifference. *Fourte v. Faulkner County, Ark.*, 746 F.3d 384 (8th Cir. 2014). The Eighth Circuit said: "[a]t best, Fourte's experts show that Dr. Stewart and Nurse Lumpkin should have known they were committing malpractice—but medical malpractice is not deliberate indifference." 746 F.3d at 389. And, any negligence or malpractice claim fails due to the Defendants' immunity as discussed above. Additionally, in violation of Fed. R. Evid. 403, any claimed relevance to the proposed testimony is substantially outweighed by risk of jury confusion or misleading the jury. For these reasons, Dr. Blanchard's proposed opinion and testimony should be excluded *in toto*.

### ii.      *Mekka Spurlock, RN*

Ms. Spurlock's proposed testimony should be excluded for the same reasons that Dr. Blanchard's should be excluded. *See Exhibit B*, attached hereto. Her opinion is simply a disagreement between nursing professionals; it is not evidence that would assist the trier of fact. It is the same type of evidence that the Eighth Circuit found did not show deliberate indifference in *Fourte*. And, the danger of it confusing the jury (and invading the jury's province) substantially outweighs any alleged relevance. Thus, Ms. Spurlock's opinion and testimony should be excluded from any trial and disregarded by the Court.

### iii.      *Phil Stanley*

Plaintiff has submitted the proposed report of Phil Stanley in this case. Plaintiff claims that Mr. Stanley is an expert in the field of corrections. He opines, *inter alia*, that the "level of training

and expertise among jail officers at the Faulkner County Jail, to read these vital signs, was very questionable." *Exhibit C*, attached hereto, p. 8. Such an opinion by Mr. Stanley fails the requirements of Rule 702 that a purported expert's testimony be based on, *inter alia*, sufficient training, knowledge, experience, or education. It appears that the Plaintiff has submitted a purported corrections expert to give an irrelevant medical opinion at best. Thus, for that reason alone, Stanley's testimony and report should be excluded. But, the proposed testimony also invades the province of the jury and effectively tells the jury what to conclude. However, whether or not deliberate indifference is present is a straightforward question, within the province of the jury, and determinable by the jury or the Court without the assistance (and Stanley's report is not helpful to the trier of fact) of a purported corrections expert who appears to attempt medical opinions. *Ashley v. McKinney*, Case No. 4:19-cv-003090-MTS, 2021 WL 1198066, at 5 (E.D. Mo. March 29, 2021) (slip copy); *CitiMortgage, Inc. v. Mason Dixon Funding, Inc.*, Case No. 4:09cv1997TCM, 2012 WL 13055580, at 12 (E.D. Mo. Oct. 30, 2012). Furthermore, Stanley (like Blanchard and Spurlock) cite state standards that are irrelevant to the question of whether Jones' constitutional rights were violated—which they were not. The alleged violation of a state statute or state law (or even the alleged standards of the National Commission on Correctional Health Care cited by Stanley) in general is not tantamount to the violation of one's constitutional rights. *Rose v. Mulberry*, 533 F.3d 678 (8th Cir. 2008) (citing *Virginia v. Moore*, 553 U.S. 164 (2008)). For these reasons, Mr. Stanley's report and testimony should be excluded.

### iv.    *Andy Terry*

Plaintiffs untimely submitted the report (a week late) of Mr. Terry. Terry somehow concluded that Mr. Jones, the Decedent, experienced (effectively) future damages totaling

$622,213.00. *Exhibit D*, attached hereto, p. 3. In addition to claiming Jones would have received future earnings of $399,200.00, despite the fact Jones did not work and had not even paid outstanding child support obligations[1], Terry also claims a loss of $266, 013.00 for alleged "household services." In the least, these purported figures represent an unrecoverable type of damages even assuming *arguendo* liability were found. A representative for an estate cannot obtain loss of consortium and other purported damages that are not damages the Decedent could obtain if he had lived. *Andrews v. Neer*, 253 F.3d 1052, 1063-64 (8th Cir. 2001); *Spainhour v. Jones*, Case No. 4:19-cv-00202, 2020 WL 1312453, at 5 (March 18, 2020 E.D. Ark.) (unreported)). That is, an estate's representative can only obtain the damages (assuming *arguendo* liability is found) that the decedent could have obtained if he or she lived in a Section 1983 case. *See id*. And, as stated, Defendants are immune from Plaintiff's state-law claims, including wrongful death. Thus, because the purported evidence is both speculative (because it purports to show future wage loss for a person that did not have a history of wages and did not contribute to household services) and irrelevant (because it represents at least in part, unrecoverable alleged damages which, even if they recoverable are not supported by a reasonable factual basis), Mr. Terry's report and testimony should be excluded.

**CONCLUSION**

For the foregoing reasons, Defendants' motion should be granted.

Respectfully submitted,

Faulkner County, Arkansas, Dr. Garry Stewart, M.D., Karen Grant, and Leanne Dixon,

*Defendants*

---

[1] *See Exhibit E*, attached hereto, Deposition of Plaintiff's Decedent's Mother, Sandra Jones. *See generally* & pp. 11, 13, 20, 21.

/s/ Michael A. Mosley
Michael A. Mosley
Ark. Bar No. 2002099
Jason Owens
Ark. Bar No. 2003003
JASON OWENS LAW FIRM, P.A.
**Mailing Address:** P.O. Box 850
Conway, Arkansas 72033-0850
**Physical Address:** 1023 Main St, Ste 204
Conway, Arkansas 72032
Telephone (501) 764-4334
Telefax (501) 764-9173
email: mosley@jowenslawfirm.com

CERTIFICATE OF SERVICE

I Michael A. Mosley, certify that I filed the foregoing on all parties via CM/ECF on today's

date.

Michael A. Mosley
Michael A. Mosley

12