IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SANDRA JONES, Personal Representative of**      **PLAINTIFF**
**the Estate of ANTONIO L. JONES, Deceased**

**VS.**      **Case No: 4:21-cv-444-BRW**

**FAULKNER COUNTY, ARKANSAS**      **DFENDANTS**
**Dr. GARRY STEWART, M.D., Individually,**
**KAREN GRANT, Individually,**
**and LEANNE DIXON, Individually**

### PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION IN LIMINE TO EXCLUDE LATE AFFIDAVITS

The Faulkner County Defendants attached to their Motion for Summary Judgment three untimely affidavits. In the first instance they attached the affidavit of Cpt. Scott Huffman currently the Jail Administrator for the Faulkner County Detention Center. The Faulkner County Defendants also attached affidavits from Defendants Karen Grant, LPN and Leanne Dixon, MA.

**Affidavit of Cpt. Scott Huffman**

Discovery was closed on October 12, 2022. Cpt Huffman is now offered to testify regarding the defendants' defense, specifically with regard to the medical book. See exhibit 1 in support of Defendants' Motion for Summary Judgment (Doc. 43). Defendants did not identify him in their mandatory disclosures, nor did defendants timely amend the disclosures to identify him and the subject matter of

1

his knowledge.

Plaintiff's contentions, in paragraphs 22 through 25 and 60 through 64, of her complaint (Doc.1) were allegations regarding the Jail's policies contained within a compilation the detention officers referred to as the "medical book". Therein the Plaintiff contended:

>    22. In furtherance of his authority as the final decision maker in all matters relating to medical care and treatment of FCDC detainees, Dr. Stewart compiled a 3 ring binder of directives, policies and procedures for the detention officers. The binder was commonly referred to by FCDC personnel as "the Medical Book". The Medical Book sets the policies which FCDC detention officers are to follow in responding to detainees such as Jones who display both a multitude of common and serious medical conditions. The Medical Book sets forth specific criteria that allows FCDC personnel to call and inform the on call nurse, in this case, Grant, for both common questions and serious medical inquiries. It furthermore dictates medical information FCDC personnel are to possess when the FCDC officers inquire from and inform the medical staff of a detainee's medical condition. It does not set forth any criteria for potential drug overdoses.
>    23. In other words, the Medical Book determines and directs the circumstances under which a FCDC detention officer is allowed to contact the on duty nurse with their concerns about a detainee's health.
>    24. The very top of the first page of the binder states in large font and bold letters: "**\*Criteria To Be Obtained Prior To Calling The Nurse\*** (April 19, 2012)."
>    25. Prior to calling the nurse, the policies require the detention officers to take, record, and report the detainees' vital signs and other medical data despite the fact that the FCDC detention officers are not trained on how to properly do collect the data. Likewise the Medical Book does not provide any direction on how to properly take vital signs.
>    32. … After listing several criteria, the bottom of the page states in large font and bold print:
> "**DO NOT SEND ANY INMATE TO ER WITHOUT NURSE APPROVAL!**"

    *      *      *

  60. Dr. Stewarts's medical protocols for the nursing staff as a choice of policy, are inadequate to meet commonly reoccurring health conditions of encountered in the jail population. Dr. Stewart's failure and refusal to enact adequate policies despite his awareness of the need reflects deliberate indifference to detainee's 4th and 14th amendment rights.

  61. Dr. Stewarts' s protocols for the detention officers, the jail staff, as set out in the "Medical Book", as a choice of policy, are inadequate to meet commonly reoccurring health conditions of encountered in the jail population. Dr. Stewart's failure and refusal to enact adequate policies despite his awareness of the need reflects deliberate indifference to detainee's 4th and 14th amendment rights.

  62. Dr. Stewart's decision to require untrained detention officers to make medical assessments before they are permitted to refer detainees to the nurse reflects a deliberate choice to screen detainees who will be seen by the medical staff.

  63. Furthermore, Dr. Stewart's decision to prohibit detention officers from taking detainees with serious medical conditions to the ER without approval from the on duty nurse reflects a financial choice which protected the expenses of the FCDC at the expense of the health, safety and welfare of the detainees.

  64. Poor nursing and medical care are the obvious and expected outcome of this financial decision. This policy of placing financial concerns over the health of the captive population reflects a policy indifferent to the rights of the jail population.

In response thereto in paragraph 4 of their answer (Doc. 6), the Faulkner County defendants pled:

  4. The Defendants affirmatively plead that affirmatively plead that the Constitution and laws of Arkansas and of the United States, the official jail records for Faulkner County jail, the written contract between Faulkner County and Dr. Garry Stewart, the written medical and suicide watch protocols and all other written policies and procedures in effect in 2019 at the Faulkner County jail, and decedent Antonio Jones's official medical and autopsy records speak for

themselves (the Defendants are without sufficient knowledge or information to admit or deny the substance/content of these records, at least as far as they were drafted by persons other than the Defendants, and therefore, deny the same, but reserve the right to amend this response until discovery can be completed) regarding events that occurred prior to the decedent's receipt at the Faulkner County jail on August 8, 2019 and, therefore, deny the same , that the Plaintiff's decedent, Antonio Jones, was received for incarceration at the Faulkner County jail on August 8, 2019, on a warrant for failure to pay child support of more than $10,000 (the Defendants are without sufficient knowledge or information to admit or deny the allegations regarding events that occurred prior to the decedent's receipt at the Faulkner County jail on August 8, 2019 and, therefore, deny the same), that Tim Ryals was (and remains) the Sheriff of Faulkner County, that Dr. Garry Stewart had a contract with Faulkner County but was never contacted about and never saw or interacted with decedent Antonio Jones, that Karen Grant and Leann Dixon briefly encountered and provided certain care for decedent Antonio Jones during his incarceration, and that Antonio Jones died on August 8, 2019, but deny, as pleaded, the remainder of the allegations, and any contrary allegations, in paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, and 85 (i.e., paragraphs 14-85, including all sub-paragraphs thereto) of the Plaintiff's Complaint.

Clearly the Plaintiff put the policies in contention. Clearly the defendants were aware of and had a duty to disclose each individual likely to have discoverable information regarding these policies and disclose the subjects of that information.

Federal Rules of Civil Procedure 26(a)(1)(A) provides, in pertinent part:

**Duty to Disclose; General Provisions Governing Discovery**

(a) **Required Disclosures**.

4

(1) *Initial Disclosure.*
(A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, *a party must, without awaiting a discovery request, provide to the other parties*: [emphasis added]

(i) *the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses,* unless the use would be solely for impeachment; [emphasis added]

Rule 26 was amended in 1993 to make the foregoing mandatory. The Committee notes regarding the amendment explain:

" … *Paragraph (1)*. As the functional equivalent of court-ordered interrogatories, this paragraph requires early disclosure, without need for any request, of four types of information that have been customarily secured early in litigation through formal discovery. … Subparagraph (A) requires identification of all persons who, based on the investigation conducted thus far, are likely to have discoverable information relevant to the factual disputes between the parties. All persons with such information should be disclosed, whether or not their testimony will be supportive of the position of the disclosing party."

Rather than comply with their mandate to disclose Cpt Huffman's identity and the substance of his information, the Faulkner County defendants hid him within their initial disclosures and did not reveal him and the substance of his information until after the close of discovery. In their initial disclosures, the

Faulkner County defendants state:

> "Potential witnesses for the Defendants include the Plaintiff, Faulkner County Sheriff Tim Ryals, Dr. Garry Stewart, M.D., Karen Grant, Leanne Dixon, Chief Matt Rice, Taylor Martin, Brian Homan, Calene Scott, Jessica Thorn, Leslie Moore and Faulkner County Judge, all of whom may be contacted through their respective counsel. The above witnesses are expected to testify about their observations and knowledge regarding the allegations and defenses in this matter, particularly related to the violations(s) alleged by the Plaintiff. The Defendants may also call any individuals who worked (and/or work) for the Faulkner County Sheriff's Office and/or Detention Center, particularly at the time of the alleged event(s); any individuals who are named, listed, referenced, or otherwise identified in any court pleadings or filings, depositions, and/or disclosures or discovery by any party; any individuals who are named, listed, referenced, or otherwise identified in any court pleadings, depositions, disclosure, discovery, or filings in *Matter of the Estate of Antonio Lamont Jones, Deceased*, Jefferson County Probate Division, 35PR-20-180; any necessary records custodian(s); and any appropriate impeachment or rebuttal witness."

Cpt Huffman was not "named, listed, referenced, or otherwise identified in any court pleadings or filings, depositions, and/or disclosures or discovery by any party, nor named, listed, referenced, or otherwise identified in any court pleadings, depositions, disclosure, discovery, or filings in *Matter of the Estate of Antonio Lamont Jones, Deceased*, Jefferson County Probate Division, 35PR-20-180."

While Cpt Huffman appears to have been an individual "who worked (and/or work) for the Faulkner County Sheriff's Office and/or Detention Center, particularly at the time of the alleged event(s)" this referenced, without more, this is too vague and nebulous to give the Plaintiff fair notice that he is a person who is likely to have discoverable information relevant to the factual disputes between the

parties and provide an opportunity to depose or otherwise learn what information he had.

**Defendants Karen Grant, LPN and Leanne Dixon, MA.**

Discovery was closed on October 12, 2022. After close of discovery, Defendants provide affidavits from Grant and Dixon, exhibits 2 and 3 to their motion for summary judgment. Grant and Dixon's counsel were present during their depositions as evidenced by exhibits A and B attached hereto were afforded ample and unfettered opportunity to elicit this testimony but declined. Now after close of discovery, they present rebuttal testimony without the Plaintiff being able to question them about it. These affidavits should be stricken.

The defendants should not be allowed to ignore the discovery mandates of Rule 26(a). Defendants' statement that: "The Defendants may also call any individuals who worked (and/or work) for the Faulkner County Sheriff's Office and/or Detention Center, particularly at the time of the alleged event(s)" is not limited to the detention officers, but staff and administrative personnel at the Detention Center, but the Sheriff's Office as well. This would require the Plaintiff to conduct discovery as to each and every person who currently worked at the Sheriff's Office and/or Detention Center and those no longer there who were there during relevant times. We know the first page of the medical book existed as far back as 2012 with updates in 2015. Plaintiff would have to discover and find

7

former deputies, detention officers, administrative personnel, etc. to determine what they knew about the medical book.

Allowing the defendants to get by with this tactic would reward defendants for playing fast and loose with hiding information during the period of litigation where the information can be challenged and vetted. Plaintiff cannot conduct discovery as to Cpt. Huffman or retake Dixon and Grant's depositions at this point of the litigation.

Respectfully submitted for Sandra Jones,
Special Administrator of the Estate of Antonio
Jones, deceased, plaintiff herein

*Morris W. Thompson*

Morris W. Thompson Law Firm, P.A.
P. O. Box 662
Little Rock, AR  72203
(501) 661-8100
(501) 663-3544
E-mail:  mwthompsonlaw@sbcglobal.net
ABN:80145

CERTIFICATE OF SERVICE

I, the undersigned attorney for the Plaintiff, hereby, certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF

system, which will provide notification of the filing to all counsel of record.

Jason E. Owens
JASON OWENS LAW FIRM, P.A.
P.O. Box 850
Conway, Arkansas 72033-0850
tele: (501) 764-4334
fax (501) 764-9173
email: owens@jowenslawfirm.com

Dustin R. Darst
RMP LLP
710 Windover Road, Suite B
Jonesboro, AR 72401
tele: (870) 394-5200
fax: (870) 520-6250
email: ddarst@amp.law

Paul D. McNeill
RMP LLP
710 Windover Road, Suite B
Jonesboro, AR 72401
tele: (870)394-5200
fax: (870) 520-6250
email: pmcneill@rmp.law

_/s/ Morris W. Thompson_
Morris W. Thompson